IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Carol Hall, | ) | C/A No. 3:16-3256-CMC-PJG |
| Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Equifax Services, Inc., | ) | |
| Defendant. | ) | |

The plaintiff, Carol Hall, a self-represented litigant, brings this claim pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's motion to dismiss.[1] (ECF No. 38.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. (ECF No. 40.) Plaintiff filed a response in opposition to the motion. (ECF No. 54.) Having reviewed the record presented and the applicable law, the court finds Defendant's motion to dismiss should be granted.

---

[1] The court previously summarily dismissed Hall's claims against Defendant "Manager SC State Housing" before the issuance and service of process. (ECF No. 33.)



**BACKGROUND**

Plaintiff indicates that her credit report contains errors that affect her ability to secure proper housing or loans. (ECF No. 11 at 5.) She claims she has notified Defendant Equifax Services of the errors but Defendant has refused to fix the errors. (Id.) She claims she has endured "stress injuries" that have resulted in an emergency room visit and hospitalization between 2014 and 2016. (Id.) Based on an attachment to the Amended Complaint, Plaintiff appears to have filed complaints against Defendant with the South Carolina Department of Consumer Affairs in 2004 that allege violations of the Fair Credit Reporting Act for Defendant's failure to correct errors in her credit report. (ECF No. 11-1 at 6-7.) In one of the complaints, Plaintiff states "Actual amount $389.00 not $1171.00" but provides no other context. (Id.) She also included a letter from Defendant addressed to the South Carolina Department of Consumer Affairs that indicates Defendant investigated her complaint and mailed Plaintiff a report.[2] (Id. at 9.)

**DISCUSSION**

**A.    Motion to Dismiss Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly,

---

[2] Plaintiff appears to have provided those reports as attachments to her response to Defendant's motion to dismiss. (ECF Nos. 54-1 at 21, 23.)



550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.    Defendant's Motion to Dismiss**

Defendant argues Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted under the FCRA. The court agrees because Plaintiff's Amended Complaint is devoid of specific facts that would provide notice to Defendant of the claim she seeks to raise.

The FCRA requires consumer reporting agencies to follow reasonable procedures to ensure accuracy in reporting individuals' consumer information. 15 U.S.C. § 1681e(b). It also provides for procedures where an individual disputes the accuracy of a consumer reporting agency's report. 15

PJG

U.S.C. § 1681i.  Moreover, the FCRA provides for civil liability for willful and negligent noncompliance with its provisions.  15 U.S.C. §§ 1681n & 1681o.

However, Plaintiff's Amended Complaint fails to clearly state which provision of the FCRA Defendant purportedly violated, and it also fails to allege facts that would plausibly show Defendant violated a provision of the FCRA.  See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  For instance, while Plaintiff alleges there are errors on her credit report, she fails to specify those errors. Even the complaints to the South Carolina Department of Consumer Affairs that Plaintiff attached to her Amended Complaint do not include specific errors that she wanted addressed by Defendant. The only fact alleged by Plaintiff that could be construed as a specific error in the Amended Complaint is her reference to "Actual amount $389.00 not $1171.00," but Plaintiff provides no context to explain where that error is on her credit report, and those figures do not clearly correspond to any error alleged in her 2004 complaints that Defendant responded to at the request of the South Carolina Department of Consumer Affairs.  Consequently, the court finds Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

**C.     Other Claims**

To the extent Plaintiff is attempting to assert any other claims, her Complaint fails to state a plausible claim for relief.  See Iqbal, 556 U.S. at 667-68.

**RECOMMENDATION**

Based on the foregoing, the court recommends Defendant's motion to dismiss be granted.

August 4, 2017  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).