IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Carol Hall,<br><br>                      Plaintiff,<br>vs.<br><br>Equifax Services, Inc.,<br>                      Defendant. | Civil Action No. 3:16-cv-3256-CMC<br><br>**ORDER** |

       This matter is before the court on Plaintiff's amended complaint alleging violations of the Fair Credit Reporting Act. ECF No. 11. Defendant Equifax Services, Inc. ("Defendant") filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1] ECF No. 38. A *Roseboro* order was entered by the court and mailed to Plaintiff, advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 40. Plaintiff filed her response in opposition. ECF No. 54. Defendant filed a reply. ECF No. 57. This motion is now ripe for resolution.

       In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On August 4, 2017, the Magistrate Judge issued a Report recommending Defendants' motion to dismiss be granted. ECF No. 64. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. On August 24, 2017, Plaintiff filed objections.

---

[1] Defendant "Manager SC State Housing" was summarily dismissed before issuance and service of process. See ECF No. 33.

ECF No. 70. Although these objections were received after the deadline, the court has considered them in this Order.[2]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After *de novo* consideration of the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the Report's recommendation Defendant's motion to dismiss be granted. While Plaintiff's objections provide documentation regarding her attempts to submit claims for correction of incorrect

---

[2] Plaintiff's objections to the Report were due August 18, 2017. Fed. R. Civ. P. 6(d) allows three additional days if Plaintiff was served by mail, which applies in this case. However, this extended the deadline only to August 21, 2017. Her objections were received and filed on August 24, 2017. *See* ECF Nos. 64, 70.

information on her credit report, the court remains unable to determine the needed information regarding what entries on her credit report are inaccurate, when those inaccuracies were entered, and how Defendant failed to address Plaintiff's attempts to correct the problems. Plaintiff submitted documentation regarding instances when she was denied credit due to low scores[3]; however, information linking this to an incorrect entry or entries in her actual credit report is not included. Further, there is no evidence regarding why the allegedly incorrect entries are in fact incorrect (records of checks cashed, credit paid, etc.). Accordingly, the court adopts the Report by reference in this Order. Defendant's motion to dismiss (ECF No. 38) is granted and this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 28, 2017

---

[3] Most of this documentation was submitted in Plaintiff's response in opposition to Defendant's motion to dismiss. *See* ECF No. 54-1.